UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL T. WILKIN,

    Plaintiff,

v.

PTI ASSEMBLY AND MACHINING L.L.C.,

    Defendant.

Case No.
Judge:
Magistrate Judge:

---

Zachary B. Mack (P62742)
Salvatore Prescott Porter & Porter, PLLC (*Of Counsel*)
Attorney for Plaintiff
105 East Main Street
Northville, Michigan 48167
Tele: (248) 679-8711
Fax:  (248) 773-7280
Email:  mack@spplaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through her undersigned attorney, and for her Complaint against Defendant states and alleges the following:

### Jurisdiction, Parties, and Venue

1. Plaintiff Carol T. Wilkin is an individual residing in the City of Warren, Michigan, within the jurisdiction of this Court.

2. Defendant PTI Assembly and Machining L.L.C. is a Michigan limited liability company with a principal place of business located in the City of Detroit, Michigan, within the jurisdiction of this Court.

3. Plaintiff was employed by Defendant at its Detroit, Michigan facility, within the jurisdiction of this Court.

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.*, as amended (hereinafter "Title VII") and Michigan's Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101, *et seq.* (hereinafter "ELCRA").

5. This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (civil rights claims), and supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's state law claims.

6. Venue is proper in this Court under 28 U.S.C.A. §1391 because the substantial part of the events giving rise to this claim occurred in this judicial district.

7. Declaratory, injunctive and other appropriate relief is sought pursuant to each aforementioned Act.

8. Plaintiff filed a Charge of Discrimination on the basis of sex with the U.S. Equal Employment Opportunity Commission, being Charge No. 471-2021-01735.

9. Plaintiff received her Notice of Right to Sue from the EEOC on her Charge and instituted these proceedings within 90 days of the date of her receipt of her Right to Sue Letter.

## General Allegations and Background

10. Plaintiff is a female.

11. Defendant is a machining company located in Detroit.

12. Plaintiff began her employment with Defendant in 2005 and last held the general position of Office Manager, handling payroll, accounts receivable/payable, human resources, and other general office management tasks.

13. At all times pertinent hereto Plaintiff performed her job diligently and in the best interests of Defendant and its owners, per their direction.

14. Plaintiff's job performance was always satisfactory, and Plaintiff never received any form of discipline or performance counseling while employed by Defendant.

15. Plaintiff's personnel file with Defendant is devoid of any reference to performance issues or problems.

16. Plaintiff was the only salaried level female working for Defendant in the beginning of 2020.

17. Defendant's operations were dominated by male ownership and management, which fostered a 'good old boys' type atmosphere.

18. Unlike her male counterparts, Plaintiff was referred to as initially "cold" by Defendant's current CPA/CFO, Earl Belger.

19. In March of 2020, Plaintiff and others were laid off, presumably as a result of the Covid-19 epidemic.

20. Although technically laid off, Plaintiff continued to work for Defendant, from home, through the spring of 2020, into the end of May, 2020, without compensation.

21. Plaintiff's remote computer access was not terminated until June, 2020.

22. Although other male employees were brought back and paid for their services, including, upon information and belief, while also collecting unemployment, Plaintiff was never compensated for her service following the layoff.

23. Plaintiff was never brought back following the layoff, and was not officially terminated until September, 2020.

24. At the time of her termination, Plaintiff was not informed of the reason for termination.

25. Indeed, at no point in time prior to Plaintiff's termination was she ever informed of any performance problems or deficiencies.

26. The subsequent reason given Plaintiff for her termination, *i.e.* "no confidence or trust in her competence or loyalty", were pretext for gender discrimination.

## Count I - Sex Discrimination in Violation of Title VII and the ELCRA

27. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

28. At all times pertinent hereto, Plaintiff qualifies as an employee, and Defendant qualifies as Plaintiff's employer, covered by and within the meaning of Title VII and the ELCRA.

29. During Plaintiff's employment with Defendant, Defendant through its/their agents and/or employees subjected Plaintiff to disparate treatment on the basis of her sex, including but not limited to failing to pay for Plaintiff's services following layoff; subjecting Plaintiff to different performance standards and/or subjective performance standards; and terminating Plaintiff's employment.

30. Other similarly situated employees of Defendant's who are outside Plaintiff's protected class by way of sex, including but not limited to

5

William Baker, were not and/or have not been subjected to the same or similar treatment.

31. Plaintiff's sex was a factor, if not a significant factor, that made a difference in Defendant's actions and employment decisions regarding Plaintiff.

32. Defendant was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition in Defendant's actions and employment decisions regarding Plaintiff.

33. Upon information and belief, Defendant assigned one or more of Plaintiff's former job responsibilities to one or more individuals outside Plaintiff's protected class by way of her sex, including William Baker and/or Earl Belger.

34. If Plaintiff was not a member of a protected class by way of her sex, she would not have been treated in the manner described above.

35. Defendant and its/their agents and/or employees intentionally discriminated against Plaintiff on account of her sex in violation of Title VII and the ELCRA by terminating or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of sex.

36. Defendant's actions towards Plaintiff were made in an intentional disregard to Plaintiff's rights.

37. As a proximate result of the above-referenced conduct, Plaintiff has sustained injuries including, but not limited to, past and future wage loss, loss of benefits of employment, damage to Plaintiff's career opportunities, physical pain and suffering, emotional distress, mental anguish, shock, embarrassment, humiliation, and the physical and mental effects associated therewith, and will continue to suffer those damages in the future.

38. Plaintiff is further claiming as damages all costs and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to Title VII and the ELCRA, as well as punitive and exemplary damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in Plaintiff' favor, against Defendant, and to award all available damages, interest, and equitable relief, including the costs and attorney fees incurred in having to litigate this matter.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted:


/s/Zachary B. Mack
Zachary B. Mack (P62742)
*Of Counsel*, Salvatore Prescott Porter & Porter, PLLC
Attorney for Plaintiff
105 East Main Street
Northville, MI 48167
Tele: (248) 879-8711
Fax:  (248) 773-7280
Email: mack@sppplaw.com

Dated: November 29, 2021